# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE M. BULLS, | ) | CASE NO.: 5:16-cv-02095 |
| Petitioner, | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| MARY POTTER, Warden, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) | |

Pending before this Court is the Magistrate Judge's Report and Recommendation ("R. & R.") that Petitioner Dwayne M. Bulls' ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be denied. (R. & R. 1, ECF No. 22.) As written in the R. & R., pursuant to 28 U.S.C. § 636(b)(1), Petitioner had fourteen days from receipt of the R. & R. to file objections to the findings and recommendations contained in the Report and Recommendation. (*Id.* at 24.) Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation. (Obj. to R. & R., ECF No. 23.) Petitioner's objection, however, is stated as a request that this Court "make a denovo [sic] determination on all grounds" and, as a memorandum in support of this request, Petitioner attached an exact copy of pages nine through nineteen of his Traverse. (*See generally* Obj. to R. & R., ECF No. 23. *See also* Traverse 9-19, ECF No. 16.)

This Court, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), must engage in a de novo review of those portions of the R. & R. to which an objection is made. However, Fed. R. Civ. P. 72(b)(2) clarifies that the objections to the R. & R. must be specific in order to trigger the de novo review. In meeting this specificity requirement, "[t]he parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). Specific objections, therefore, "direct[] the district judge's attention to specific issues decided by the magistrate contrary to [Petitioner's] position." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997). *Cf. Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

A general objection to the entirety of the R. & R. does not satisfy the specificity requirement, and, in fact, has the same effect as a failure to object. *See Wurth v. Brown*, No. 92-1361, 1992 U.S. App. LEXIS 27817, at *3 (6th Cir. Oct. 21, 1992) ("A general objection to the entirety of the magistrate judge's report has the same effect as would a failure to object") (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In addition, an exact recitation of arguments previously raised also fails to meet the specificity requirement for objections. *See Cannon v. Potter*, No. 1:16-cv-1849, 2019 U.S. Dist. LEXIS 156048, at *6-7 (N.D. Ohio, Sept. 12, 2019) ("a petitioner fails to make a specific objection when the petitioner merely reiterates the same arguments the petitioner presented to the magistrate judge"); *Green v. Andrews*, No. 07-cv-2093, 2010 U.S. Dist. LEXIS 47694, at *6 (N.D. Ohio May 14, 2010) (finding petitioner's objections "amount to approximately ten pages of text lifted verbatim from [her] Traverse.. . . Such 'general objections' do not serve the purposes of Federal Rule of Civil Procedure 72(b) . . .").

Because Petitioner in this matter merely provides a general objection to the entirety of the Magistrate Judge's Report and Recommendation and attempts to support this general objection with an exact recitation of arguments that were previously raised before the Magistrate Judge, Petitioner's objections do not meet the specificity requirement that triggers this Court's obligation to perform a de novo review of the Report and Recommendation. For these reasons, the Magistrate

Judge's Report and Recommendation is ADOPTED in its entirety. Petitioner Dwayne M. Bulls' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is, therefore, DENIED.

Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: February 21, 2020             /s/ John R. Adams
                                    Judge John R. Adams
                                    UNITED STATES DISTRICT COURT